IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JUDY MARTIN,

    Plaintiff,

v.                                Civil Action No. 1:10-1399

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    Pending before the court is the United States of America's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (Docs. No. 9, 10), two supplements to the original Motion to Dismiss (Docs. No. 27, 33),[1] as well as a motion to stay proceedings in the case until the court rules on the motion to dismiss (Doc. No. 26).  For the reasons discussed more fully below, the Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.  Additionally, the United States' motion to stay is **DENIED** as moot.

BACKGROUND

    Judy Martin ("Plaintiff") is a federal inmate currently incarcerated at the Federal Prison Camp in Alderson, West Virginia ("FPC Alderson").  Plaintiff is serving an 87-month

---

[1] The court notes that the United States has filed two supplements to the original motion. (Docs. No. 27, 33).  The two supplements by the United States provide arguments more appropriate for a consolidated motion for summary judgment, which gives the Plaintiff the necessary opportunity to respond.  As such, they are not considered in this Memorandum Opinion and Order.

term of incarceration imposed by the United States District Court for the Western District of Virginia for violations of 18 U.S.C. §§ 1791 and 1623, providing contraband to a federal prisoner and making a false statement to a federal grand jury. Plaintiff's projected release date with consideration for good conduct is February 20, 2014.  On February 15, 2009, Plaintiff alleges she was walking on a sidewalk at FPC Alderson when she stepped into a hole or irregularity in the sidewalk and fell and injured her left foot.  (Doc. No. 5).  Plaintiff alleges that following the incident, she felt great pain and discomfort, which she reported to employees at FPC Alderson.  She was examined in July of 2009.

In January of 2010, Martin was evaluated by a physician at Greenbrier Valley Medical Center who recommended an MRI be performed.  On March 19, 2010, the MRI was performed and the report revealed that there was osteomyelitis in the second metatarsal on the left.  Following this diagnosis, plaintiff was placed on oral antibiotics.  The plaintiff alleges that intra-venous (I.V.) antibiotics were recommended by the physician at Greenbrier Valley Medical Center.

On May 4, 2010, Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons ("BOP") claiming government liability in the amount of $250,000 for personal injury and negligent medical care.  She alleged that:

2

> Health Services failed to x-ray my foot until July, 2009, in spite of the fact that it remained swollen and would not heal. The xray showed that my 2nd toe on my left foot had been broken. No medical action was taken and over the course of the next 1 ½ years, the foot continued to swell and failed to heal. A recent MRI determined that I have an infection in the bone at the site of the fracture. As a result I need surgery, have constant pain, fever fatigue and have developed a limp. The limp causes strain and back pain.

Defendant's Exhibit 1, and Attachment A thereto, Administrative Tort Claim TRT-MXR-2010-04551.

By letter dated July 7, 2010, the BOP denied Plaintiff's administrative claim, finding no evidence of negligence on the part of any government employee. On December 22, 2010, the Plaintiff, by counsel, filed the instant action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that the United States, through its employees, was negligent in the failure to properly maintain the sidewalk at FPC Alderson and to warn Plaintiff of its hazards, and thus was the proximate cause of the Plaintiff's foot injury. On March 4, 2011, Plaintiff's counsel filed an Amended Complaint, alleging claims for the failure to provide proper medical treatment (Count One) and for deliberate indifference to Plaintiff's medical needs (Count Two). (Doc. No. 5). Plaintiff requests compensatory damages in the amount of $250,000, as well as costs incurred in the action.

On May 5, 2011, the United States filed the instant Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. No. 9).  The Defendant argues that: 1) the Plaintiff's claim of negligent medical care must be dismissed for failure to comply with the West Virginia Medical Professional Liability Act; 2) the Plaintiff's claim of deliberate indifference fails as a matter of law; and 3) The Plaintiff's claim of deliberate indifference fails because of the Plaintiff's failure to exhaust administrative remedies.  On June 24, 2011, the Plaintiff responded to the United States' Motion to Dismiss, arguing that the United States has mischaracterized the Plaintiff's claim as a medical malpractice claim, and that the Plaintiff's claim for deliberate indifference does not fail as a matter of law.  (Doc. No. 17).

## STANDARD OF REVIEW

The well-settled standard governing the disposition of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:  "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a

4

light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### I. Count One is dismissed in part.

The United States first argues that the plaintiff's claim of negligent medical care should be dismissed for failure to comply with the West Virginia Medical Professional Liability Act. (Doc. No. 10). The Plaintiff responds by asserting that Count I does not allege professional medical negligence or medical malpractice, and as such, the MPLA does not apply. (Doc. No. 17). The Plaintiff argues that none of the Plaintiff's claims falls within the scope of the MPLA. The court disagrees.

The Plaintiff brings this case pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by governmental employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b), 2671, et seq. Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." See 28 U.S.C. § 1346(b). The FTCA holds the United States liable "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; United States v. Orleans, 425 U.S. 807, 813 (1976). The United States may be held liable if

5

the conduct complained of amounts to negligence "in accordance with the law of the place where the act or omission occurred." Id.

The United States argues that Martin's claims are covered by the West Virginia Medical Professional Liability Act (MPLA), W.Va. Code § 55-7B-1 et seq., and that her failure to comply with the requirements for filing suit under the MPLA mandates dismissal of her claims under the FTCA. "Under the FTCA, West Virginia law governs this action. In West Virginia, the [MPLA] controls medical malpractice claims." Dreenen v. United States, 2010 WL 1650032, *2 (4th Cir. 2010); Callahan v. Cho, 437 F. Supp. 2d 557, 561 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 808-09 (N.D.W. Va. 2004); Osborne v. United States, 166 F. Supp. 2d 479, 496-97 (S.D.W. Va. 2001); Bellomy v. United States, 888 F. Supp. 760, 764-65 (S.D.W. Va. 1995).

The MPLA provides that in order to bring a claim, a plaintiff must prove that:

1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and

2) Such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3(a). When a medical negligence claim involves an assessment of whether the plaintiff was properly

6

diagnosed and treated, or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hospital for Rehabilitation, 539 S.E.2d 600, 605-06 (W. Va. 2000). "West Virginia law stipulates that medical experts must establish the applicable standard of care in medical malpractice cases. W. Va. Code § 55-7B-7(a). The only exceptions to this requirement, where the breach of duty is so gross as to be apparent or the standard is within the common knowledge of lay jurors, are the same as the exceptions to the medical certificate requirement." Callahan v. Cho, 437 F. Supp. 2d 557, 564 (E.D. Va. 2006).

Additionally, under West Virginia Code § 55-7B-6, certain requirements must be met before a person may even file an action against a health care provider. This section provides in pertinent part:

> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a screening certificate of merit. The

7

>screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the Rules of Civil Procedure.

W. Va. Code § 55-7B-6. Courts have held that a plaintiff's failure to adhere to the pre-filing requirements of the MPLA warrants dismissal. See, e.g., Callahan v. Cho, 437 F. Supp. 2d 557, 565 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 809 (N.D.W. Va. 2004).

In response, the Plaintiff argues that the claim is not a medical malpractice case brought pursuant to the MPLA (Doc. No. 17 at p. 2). The Plaintiff does not contend that she complied with the MPLA; rather, she argues that she need not comply with the MPLA because the claims do not fall within the scope of the statutory scheme.  The Plaintiff uses the definitions in the MPLA of "health care provider," "health care facility," "health care" and "medical professional liability" to argue that her

8

claims do not fit within the MPLA.[2] The court disagrees, and finds that part of Count I is a medical negligence claim to which the MPLA applies.  See <u>Eichelberger v. United States</u>, 2006 U.S. Dist. LEXIS 19250 (N.D. W. Va. 2006)(Applying the MPLA to a federal prison housed at FPI-Morgantown, and dismissing the claim for failure to comply with the pre-filing requirements of the MPLA).

In the Plaintiff's Amended Complaint, the Plaintiff sets forth a claim for negligence, alleging that the Defendant:

  a. Failed to properly maintain the sidewalk;

---

[2] The terms "health care provider" or a "health care facility" are defined in West Virginia code 55-7B-2(f) & (g), which provides:
>(f) "Health care facility" means any clinic, hospital, nursing home, or assisted living facility, including personal care home, residential care community and residential board and care home, or behavioral health care facility or comprehensive community mental health/mental retardation center, <u>in and licensed by the state of West Virginia and any state operated institution or clinic providing health care.</u>
>(g) "Health care provider" means a person, partnership, corporation, professional limited liability company, health care facility or institution licensed by, or certified in, this state or another state, to provide health care or professional health care services, including, but not limited to, a physician, osteopathic physician, hospital, dentist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist, emergency medical services authority or agency, or <u>an officer, employee or agent thereof acting in the course and scope of such officer's, employee's or agent's employment.</u>

W.Va. Code 55-7B-2(f) (Emphasis added).

   b. Failed to warn the plaintiff and other users of the sidewalk and of the hazards posed by it;

   c. Failed to provide reasonable medical treatment for plaintiff's injuries immediately upon plaintiff sustaining them;

   d. Allowed plaintiff to suffer excruciating pain and suffering as a result of the injuries for a period of many months before furnishing any medical treatment to plaintiff for such injuries;

   e. Failed to comply with the recommendations of the plaintiff's treating physicians for appropriate medical care; and

   f. Defendant was in other ways negligent.

(Doc. No. 5 at pp. 2-3).

The Plaintiff has not complied with the pre-filing requirements of the MPLA, nor are the injuries she complains of within the understanding of jurors by resort to common knowledge and experience and, accordingly, she is not excused from filing a screening certificate of merit. Notwithstanding Martin's assertions to the contrary, the complaint alleges medical negligence on the part of her doctors at FPC Alderson:  1) Failure to provide reasonable medical treatment for plaintiff's injuries immediately upon plaintiff sustaining them; and 2) Failure to comply with the recommendations of the plaintiff's

treating physician. Therefore, because this court finds that the Plaintiff has not complied with the requirements of West Virginia Code § 55-7B-6, the dismissal of her FTCA claim, to the extent it alleges medical malpractice, is appropriate. The Plaintiff's claim of negligence is otherwise intact.

## II. Plaintiff's Deliberate Indifference Claim Fails as a Matter of law.

Next, the United States argues that Count Two, Plaintiff's claim of deliberate indifference, fails as a matter of law. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The United States Supreme Court has held that the "Eighth Amendment proscribes more than physically barbarous punishments," and among the rights embodied in the amendment is the right of prisoners to receive medical care while they are incarcerated. Estelle v. Gamble, 429 U.S. 97, 1032-33 (1976). Further, the Supreme Court has held that "deliberate indifference [by prison officials] to serious medical needs of prisoners" violates the Eighth Amendment. Id. at 104.[3]

---

[3] To succeed on an Eighth Amendment deliberate indifference claim, a prisoner must satisfy two requirements: first, the medical need must be objectively, sufficiently serious; and second, the prison official must act with "deliberate indifference" to the serious medical need. See Farmer v. Brennan, 511 U.S. 825 (1994); see also Brown v. Harris, 240 F.3d 383, 389 (4th Cir. 1998). Only medical conditions that pose "a substantial risk of serious harm" to the prisoner satisfy the objective component of this analysis. Farmer, 511 U.S. at 834.

11

The United States argues that the FTCA does not waive the sovereign immunity of the United States or federal agencies for constitutional torts.  See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 477-78 (1994)("[T]he United States simply has not rendered itself liable  under § 1346(b) for constitutional tort claims.").  Indeed, constitutional claims are not proper subjects for an action under the FTCA.  See § 28 U.S.C. 2679(b)(2).  The Plaintiff concedes that there is "ambiguity as to the procedural posture of deliberate indifference claims such as the one at bar."  (Doc. No. 17 at p. 7).  As a result, the Plaintiff has not sufficiently pled a deliberate indifference claim against the United States.

The United States has not waived its sovereign immunity, nor has the Plaintiff identified an alternative jurisdictional ground for her constitutional claim under the Eighth Amendment.  Additionally, the Plaintiff has failed to name any Defendant apart from the United States.  As such, the United States'

---

To show deliberate indifference, the inmate must establish that a prison official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Id. at 844.  "Negligence, however, does not give rise to a constitutional claim when the operative standard is deliberate indifference."  See Brown, 240 F.3d at 391.

motion to dismiss the Plaintiff's claim of deliberate indifference is **GRANTED**.[4]

## CONCLUSION

For the reasons stated above, the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment is **GRANTED** on Count I insofar as Count I alleges medical malpractice; and **DENIED** in all other respects.  The motion to dismiss is **GRANTED** as to Count II. The United States' Motion to Stay is **DENIED** as moot. The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 30th day of March, 2012.

ENTER:

David A. Faber
Senior United States District Judge

---

[4] Based on this ruling, the court need not address the United States' third argument, that the Plaintiff failed to exhaust administrate remedies on the claim of deliberate indifference.

13